UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP 29 2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| JEFFREY R. SIMS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:20-cv-02449 (UNA) |
| DEPARTMENT OF VETERANS AFFAIRS, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP"). The Court will grant the application for leave to proceed IFP and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff, a resident of Pueblo, Colorado, sues the Department of Veterans Affairs. He alleges that defendant has withheld reimbursement for certain medical expenses, which plaintiff and his caretaker have been forced to unfairly to pay out of pocket. He believes that the refusal to reimburse is derived from discriminatory purpose. He requests special and punitive damages.

Challenges to decisions "affecting the provision of veterans' benefits" are generally the exclusive province of the Court of Veterans Appeals and the United States Court of Appeals for the Federal Circuit. *Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000) (per curiam); *accord Hunt v. U.S. Dep't of Veterans Affairs*, 739 F.3d 706, 707 (D.C. Cir. 2014) (per curiam) (citing 38 U.S.C. § 511(a)); *Thomas v. Principi*, 394 F.3d 970, 975 (D.C. Cir. 2005). "Benefit

means any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors." 38 C.F.R. § 20.3(e).

Therefore, this Court lacks "subject matter jurisdiction over the complaint." *Price*, 228 F.3d at 421 (citing 38 U.S.C. § 511(a)); *see id*. at 422 ("[C]ourts have consistently held that a federal district court may not entertain constitutional or statutory claims whose resolution would require the court to intrude upon the VA's exclusive jurisdiction.") (citing cases)); *see also Thomas*, 394 F.3d at 975 ("Because adjudicating . . . allegations [of] failure to render appropriate medical services and denial of . . . necessary medical care treatment would require the district court to determine first whether the VA acted properly in providing . . . benefits, [such] claims are barred by section 511.") (internal quotation marks and omitted).

For these reasons, the action will be dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: September 29, 2020            ____/s/_____
                                    RUDOLPH CONTRERAS
                                    United States District Judge